UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————X
RICHARD KEITH,

        Plaintiff,

  -against-

THE CITY OF NEW YORK, DETECTIVE
JARRET BROWN, shield # 3929, LIEUTENANT
FRANCIS MORRISSEY, DETECTIVE EVELYN
GUTIERREZ, shield # 946, DETECTIVE
ELIZABETH MURRAY, shield # 29078,
DETECTIVE SARAH MATHERS, shield # 4327,

        Defendants.
——————————————————————X

**SECOND**
**AMENDED COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

11-CV-3577 (RA)

      PLAINTIFF RICHARD KEITH, by his attorney DAVID A. ZELMAN, ESQ., for his COMPLAINT, alleges upon information and belief, as follows:

### I. PRELIMINARY STATEMENT

1.   This is a civil rights action in which PLAINTIFF RICHARD KEITH (hereinafter "KEITH") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. On or about July 12, 2010, at approximately 10:15 P.M., KEITH was falsely arrested by Defendants, including, but not limited to, DETECTIVE JARRET BROWN, shield # 3929, LIEUTENANT FRANCIS MORRISSEY, DETECTIVE EVELYN GUTIERREZ, shield # 946, DETECTIVE ELIZABETH MURRAY, shield # 29078, and DETECTIVE SARAH MATHERS, shield # 4327 (hereinafter "Defendants"). It is alleged that Defendants falsely arrested KEITH in violation of his constitutional rights. It is further alleged that Defendants maliciously and without probable cause

charged KEITH with, <u>inter alia</u>, first degree rape. Plaintiff was held in custody for approximately four days prior to the charges being dismissed.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3. KEITH is presently a resident of the County of Bronx, City of New York, currently residing at 1215 Seneca Avenue, Bronx, New York 10474.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant DETECTIVE JARRET BROWN, shield # 3929 (hereinafter "BROWN") was an NYPD detective, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. BROWN is sued in his individual and official capacity.

6. Defendant LIEUTENANT FRANCIS MORRISSEY (hereinafter "MORRISSEY") was an NYPD detective, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. MORRISSEY is sued in his individual and official capacity.

7. Defendant DETECTIVE EVELYN GUTIERREZ, shield # 346 (hereinafter "GUTIERREZ") was an NYPD detective, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of her employment. GUTIERREZ is sued in her individual and official capacity.

8. Defendant DETECTIVE ELIZABETH MURRAY, shield # 29078 (hereinafter "MURRAY") was an NYPD detective, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of her employment. MURRAY is sued in her individual and official capacity.

9. Defendant DETECTIVE SARAH MATHERS, shield # 4327 (hereinafter "MATHERS") was an NYPD detective, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of her employment. MATHERS is sued in her individual and official capacity.

10. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

11. On or about June 23, 2010, a 61-year-old woman was raped at gunpoint in the neighborhood of East New York, Brooklyn. The crime was notorious in the community due to local media coverage and posters displayed around the neighborhood with a sketch and description of the attacker.

12. At approximately 2:00 P.M. on or about July 12, 2010, several police officers and/or detectives, including but not limited to BROWN, MATHERS, MURRAY and MORRISSEY, came to 535 New Jersey Avenue, in East New York, Brooklyn, New York, where KEITH was living with his parents, brother and 9 year old son.

13. The police officers told KEITH that they were investigating the rape that had occurred in the neighborhood. According to the police, the victim thought that she saw someone who looked like her attacker at a nearby grocery store after the incident.

14. The police officers asked KEITH to come to the grocery store, where the police officers spoke with the store owner.

15. After speaking with the owner of the store for several minutes, the police officers and KEITH returned to KEITH's home and the officers departed. The officers told KEITH that they just needed his name to clear up the matter, or words to that effect.

16. Later that evening, at approximately 10:00 P.M., the police officers returned to KEITH's home and directed him to accompany them to the precinct to answer more questions. The officers told KEITH that he would be right back home, and that they knew he was not the rapist, or words to that effect.

17. KEITH accompanied the police to the precinct, where officers including but not limited to BROWN, MATHERS, GUTIERREZ, MURRAY and MORRISEY conducted a lineup.

18. The police officers told KEITH that the victim had identified him; however, upon information and belief, the victim never identified KEITH as the rapist. After the lineup, one of the officers told KEITH that he knew that KEITH was not the rapist, or words to that effect.

19. KEITH was formally placed under arrest and charged with various sexual offenses, including rape in the first degree (Penal Law § 130.35(1)) as well as Penal Law §§ 130.50(1), 130.65(1), 160.05, 155.30(5), 130.20(1), 130.20(2), 155.25, 165.40, 240.26(1).

20. At his own request, KEITH provided a DNA sample.

21. KEITH was then transported to Central Booking by officers including but not limited to MORRISSEY and GUTIERREZ.

22. KEITH was arraigned on or about July 13, 2010 and $100,000 bail was imposed.

23. After arraignment, KEITH asked for medical attention for chest and back pain due to the stress and anxiety of being falsely accused and arrested for rape. KEITH was subsequently transported to Long Island University Hospital for treatment.

24. KEITH was then transported back to Central Booking, where he was placed in a holding area for those awaiting transport to Rikers Island.

25. Other prisoners, who had learned of the charges against KEITH, assaulted him.

26. Despite knowledge of the assault, the correctional officers forced KEITH to ride in the same bus to Rikers Island with his attackers.

27. KEITH was incarcerated at Rikers Island for approximately four days.

28. KEITH was released on or about July 16, 2010 when DNA evidence collected in the sexual assault case came back as a match to another individual.

29. The charges against KEITH were dismissed on August 24, 2010.

30. That heretofore and on the 30th day of July, 2010, KEITH's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of KEITH, the nature of the claim, the time when, the place

where, the manner in which the claim arose and the items of damage and injuries sustained.

31. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

32. Paragraphs 1 through 31 of this complaint are hereby realleged and incorporated by reference herein.

33. That Defendants BROWN, MORRISSEY, GUTIERREZ, MURRAY and MATHERS had neither valid evidence for the arrest of KEITH nor legal cause or excuse to seize and detain him for approximately three days.

34. That in detaining KEITH for approximately four days, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. KEITH was but one of those persons.

35. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

36. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or

sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

37. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of KEITH's rights alleged herein.

38. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of KEITH's rights, subjected KEITH to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

39. By reason of the foregoing, KEITH suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

40. Paragraphs 1 through 39 are hereby realleged and incorporated by reference herein.

41. That the seizure, detention and imprisonment of KEITH was unlawful in that Defendants BROWN, MORRISSEY, GUTIERREZ, MURRAY and MATHERS had no probable cause to detain, arrest and/or imprison him.

42. That Defendants BROWN, MORRISSEY, GUTIERREZ, MURRAY and MATHERS intended to confine KEITH.

43. That KEITH was conscious of the confinement and did not consent to it.

44. That the confinement was not otherwise privileged.

45. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of KEITH's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

46. That by reason of the foregoing, KEITH suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

47. Paragraphs 1 through 46 are hereby realleged and incorporated by reference herein.

48. That Defendants BROWN, MORRISSEY, GUTIERREZ, MURRAY and MATHERS with malicious intent, arrested KEITH and initiated a criminal proceeding despite the knowledge that KEITH had committed no crime.

49. That all charges against KEITH were terminated in his favor.

50. That there was no probable cause for the arrest and criminal proceeding.

51. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of KEITH's rights, deprived KEITH of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

52. That upon information and belief, Defendants had a policy and/or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, KEITH was maliciously prosecuted despite the fact that he had committed no violation of the law.

53. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

54. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

55. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of KEITH's rights alleged herein.

56. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

57. That upon information and belief, in 2010, defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

58. That by reason of the foregoing, KEITH suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (MALICIOUS PROSECUTION)

59. Paragraphs 1 through 58 are hereby realleged and incorporated by reference herein.

60. That Defendants BROWN, MORRISSEY, GUTIERREZ, MURRAY and MATHERS acted with malicious intent, arrested KEITH and initiated a criminal proceeding despite the knowledge that KEITH had committed no crime.

61. That all charges against KEITH arising out of this incident have been dismissed.

62. That there was no probable cause for the arrest and criminal proceeding.

63. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of KEITH's rights, deprived KEITH of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

64. That by reason of the foregoing, KEITH suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
Pursuant to State Law (FAILURE TO INTERVENE)

65. Paragraphs 1 through 64 are hereby realleged and incorporated by reference herein.

66. That Defendants BROWN, MORRISSEY, GUTIERREZ, MURRAY and MATHERS knew or should have known that KEITH would be assaulted by other detainees if placed in a holding cell with detainees who knew of the crime with which he was charged.

67. That Defendants were deliberately indifferent to the possibility that KEITH would be assaulted by other detainees if placed in a holding cell with detainees who knew of the crime with which he was charged.

68. That Defendants were deliberately indifferent to the safety of KEITH when they transported to Rikers Island him in a bus with the same detainees that assaulted him.

69. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of KEITH's rights, deprived KEITH of his liberty when they failed to intervene to protect KEITH from assault by other detainees, in violation of his rights pursuant to Fourteenth Amendment of the United States Constitution.

70. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect pretrial detainees from assaults by fellow detainees. Thus, as a result of the above described policies and customs, KEITH was not protected from assault by other detainees.

71. That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

72. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

73. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of KEITH's rights alleged herein.

74. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

75. That by reason of the foregoing, KEITH suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

76. Paragraphs 1 through 75 are hereby realleged and incorporated by reference herein.

77. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

78. That at all times Defendants were acting within the scope of their employment.

79. That Defendant CITY was able to exercise control over Defendants activities.

80. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, KEITH suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## XI. SEVENTH CAUSE OF ACTION
### Pursuant to § 1983 (DENIAL OF FAIR TRIAL)

81. Paragraphs 1 through 80 are hereby realleged and incorporated by reference herein.

82. By fabricating evidence, defendants BROWN, MORRISSEY, GUTIERREZ, MURRAY and MATHERS violated KEITH's constitutional right to a fair trial.

83. Defendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff, namely, that upon information and belief, the victim never positively identified KEITH.

84. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, KEITH has suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, KEITH respectfully requests that judgment be entered:

1. Awarding KEITH compensatory damages in a full and fair sum to be determined by a jury;
2. Awarding KEITH punitive damages in an amount to be determined by a jury;
3. Awarding KEITH interest from July 12, 2010;
4. Awarding KEITH reasonable attorney's fees pursuant to 42 USC § 1988; and
5. Granting such other and further relief as to this Court seems proper.

DATED:   Brooklyn, New York
         June 10, 2013

DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072